**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARREN THOMPSON<br>460 Prosser Avenue<br>Williamstown, NJ 08094 | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: _____ |
| v. | :<br>: | |
| ADVANCED CLEANROOM<br>MICROCLEAN d/b/a ACM<br>3250 South Susan Street, Suite A<br>Santa Ana, CA 92799<br>    and<br>SANOFI PASTEUR<br>1 Discovery Drive<br>Swiftwater, PA 18370 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendants. | :<br>: | |

**CIVIL ACTION COMPLAINT**

Darren Thompson (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Advanced Cleanroom Microclean d/b/a ACM and Sanofi Pasteur (hereinafter collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff's claims were dual filed with the PHRC, but those under the PHRA will not administratively exhaust until they have been pending for 1-year. Plaintiff is required to file the instant lawsuit in advance, as he has been issued his right-to-sue letter from the EEOC.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

5.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

Plaintiff intends to amend his complaint to include PHRA claims once those claims are administratively exhausted.
.

2

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Advanced Cleanroom Microclean d/b/a ACM (hereinafter "Defendant ACM") is a cleaning service company providing specialized cleanroom services to multiple industries across the United States of America, including Pennsylvania, with headquarters located at the above-captioned address.

9.      Sanofi Pasteur, LLC (hereinafter "Defendant Sanofi") is a pharmaceutical company that develops vaccines and general medicine with facilities across the United States of America, including the above-captioned address. They have headquarters located in Bridgewater, NJ.

10.     Plaintiff was initially hired by Defendant ACM and placed to work within Defendant Sanofi at the above-captioned address of 1 Discovery Drive, Swiftwater, PA 18370. Although Plaintiff was hired and paid through Defendant ACM, he was treated in all functional respects like an employee while working within Defendant Sanofi. Defendant Sanofi's management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendant Sanofi's management and was obligated to follow the policies of Defendant Sanofi. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is an African American adult male.

14. In or late-2021, Plaintiff was hired by Defendant ACM and placed to work at Defendant Sanofi in Swiftwater, PA.

15. While Plaintiff was a direct employee of Defendant ACM, Plaintiff was also directly managed and supervised by Defendant Sanofi, as each should be considered his single, joint and/or integrated employer.

16. At all times during his employment with Defendants, he was supervised by Kalil Johnson ("Johnson"), Manager with Defendant ACM, and Stacy Buckstein (Caucasian - "Buckstein"), Building Manager with Defendant Sanofi.

17. Throughout Plaintiff's employment with Defendants, Plaintiff was a hard-working employee who performed his job well.

18. Despite performing his job well and not receiving any form of performance-based corrective action, Plaintiff was subjected to repeated and persistent harassment and discriminatory conduct from Buckstein that Plaintiff's non-African American counterparts were not subjected to. By way of example, but not intended to be an exhaustive list:

   a. Plaintiff was subjected to rude and demeaning comments by Buckstein;

   b. Plaintiff was repeatedly demeaned and/or laughed at in front of other co-workers by Buckstein; and

   c. Buckstein grabbed Plaintiff's shoulder in order to further intimidate or discriminately chastise him towards the end of his employment with Defendants.

19. Buckstein is a known overt racist, who previously made discriminatory comments to other non-Caucasian employees of Defendants, including Shyanne Mitchell ("Mitchell").

4

20.    Upon information and belief, Buckstein told Mitchell to "speak English" and "go back to her country."

21.    Following these comments, Mitchell separated from Defendants.

22.    Despite Buckstein's constant harassment, Plaintiff continued to perform his job duties well and attempted to ignore the discriminatory treatment he was being subjected to.

23.    On or about April 13, 2022, Buckstein again engaged in discriminatory conduct and called Plaintiff a "monkey," a direct reference to his race.

24.    In response to this disgusting slur, Plaintiff objected to the comment and complained to Buckstein that she should never call an African American a "monkey." In response, Buckstein brazenly called him a "monkey" again.

25.    Following Buckstein's deplorable and clearly racist comments, Plaintiff complained to Johnson that he was experiencing race discrimination.

26.    Despite Johnson exclaiming to Plaintiff that he would investigate the matter, nothing was actually done to help address Plaintiff's legitimate concerns of discrimination.

27.    Instead, approximately two days later, on or about April 15, 2022, Plaintiff was informed by Defendants that he was being suspended immediately.

28.    Only a few hours later on April 15, 2022, Plaintiff was contacted by Defendants and abruptly terminated.

29.    As a result, Plaintiff believes and therefore avers that he was terminated because of his race and/or in retaliation for complaining of race discrimination, and was subjected to a hostile work environment by Defendants.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1[Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**-Against Both Defendants-**

30.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.    During Plaintiff's employment with Defendants, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of his race.

32.    Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race discrimination, Defendants' management instead ignored them and suspended him.

33.    Ultimately, Plaintiff was terminated on or about April 15, 2022, and shortly after complaining of race discrimination.

34.    Plaintiff believes and therefore avers that his race was a motivating/determinative factor in Defendants' termination of Plaintiff.

35.    These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1[Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**-Against Both Defendants-**

36.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.    During Plaintiff's employment with Defendants, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of his race.

38.     Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race discrimination, Defendants' management instead ignored them and suspended him.

39.     Ultimately, Plaintiff was terminated on or about April 15, 2022, and shortly after complaining of race discrimination.

40.     Plaintiff believes and therefore avers that his race was a motivating/determinative factor in Defendants' termination of Plaintiff.

41.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.       Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:       _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 9, 2023